2006 OK 59

**Carol SAINT, Plaintiff/Petitioner,**

v.

**DATA EXCHANGE, INC.,
Defendant/Respondent.**

No. 102,084.

Supreme Court of Oklahoma.

July 11, 2006.

Rehearing Denied Sept. 18, 2006.

Mark Hammons, Kelly J. Walker, Hammons, Gowens & Associates, Inc., Oklahoma City, OK, for Plaintiff/Petitioner.

Paul G. Summars, Oklahoma City, OK, for Defendant/Respondent.

HARGRAVE, J.

¶ 1 The United States District Court of the Northern District of Oklahoma, certified one question of Oklahoma law under the Revised Uniform Certification of Question of Law Act, 20 O.S.2001 §§ 1601, et seq. The Federal Court asks:

> Is there either an implied statutory remedy or a common-law *Burk* tort remedy for state age discrimination claims arising under the operation of the Oklahoma Constitution, Art. 5 § 46 and the provisions of the Oklahoma Anti-discrimination Act, 25 O.S. §§ 1101, et seq. and § 1901?

We answer in the affirmative.

¶ 2 Carol Saint, age 58, brought a claim of age discrimination in Federal Court asserting that she was terminated from her job because of her age. She has asserted claims under both the federal age discrimination statute (ADEA 29 U.S.C. §§ 621 et seq.) and Oklahoma's public policy against age discrimination as embodied by the Oklahoma Anti-discrimination Act, 25 O.S. §§ 1101, et seq. The Defendant moved to dismiss the state law claims. Ms. Saint asserts that the Oklahoma Statute creates a unified class of persons who are the victims of handicap, race, gender or age discrimination therefore requiring equal remedies for all of those per-

sons under Art. 5 § 46[1]. Ms. Saint asserts that the remedy provided for victims of age discrimination under the state and federal statutes is less generous than the remedy provided for victims of handicap discrimination under 25 O.S.1901[2] and therefore the ADEA does not provide a Constitutionally adequate remedy. The Defendant asserts that the ADEA remedy is adequate and therefore, that no state remedy should be implied.

¶ 3 This self-same question has previously been addressed by this Court in the areas of race discrimination and sexual harassment. In both of those cases we found that a common-law *Burk* tort remedy was available to plaintiff as such violations create dichotomous division of members of the same class, which offends the § 46 mandated norms of uniformity, symmetry and evenhanded treatment.

¶ 4 In *Collier v. Insignia Financial Group,* 1999 OK 49, ¶ 14, 981 P.2d 321, 326, this Court found that victims of sexual harassment were members of the same class as victims of handicap discrimination. The majority in that case further held that:

1.  The terms of Art. 5 § 46, Okl. Const. provide in pertinent part:

    1. "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

    \* \* \* \* \* \*

    *Regulating the practice or jurisdiction of ... in judicial proceedings or inquiry before the courts ... or other tribunals ....*" [Emphasis supplied.]

2.  25 O.S.1901 provides:

    A.  If a charge for discrimination in employment on the basis of handicap is filed under the provisions of Sections 1101 through 1801 of Title 25 of the Oklahoma Statutes and is not resolved to the satisfaction of the charging party within one hundred eighty (180) days from the filing of such charge, the charging party may commence an action for redress against any person who is alleged to have discriminated against the charging party and against any person named as respondent in the charge, such action to be commenced in the district court of this state for the county in which the unlawful employment practice is alleged to have been committed.
    B.  Either party in any such action shall be entitled to a jury trial of any facts in dispute in the action.

The *Burk* tort gives the discharged victim a private cause of action for quid pro quo sexual harassment comparable to that statutorily accorded to victims of handicap discrimination. Hence, our adopted construction of the Act—i.e., that it does not provide the exclusive remedy for quid pro quo sexual harassment, which culminates in wrongful discharge—voids the pitfalls of according asymmetrical remedies to members of a single class of employment-discrimination victims.

In summarizing its holding, this Court further stated that if the Oklahoma Anti–Discrimination Act had afforded the victims of sexual harassment the same remedies as given to handicap-discrimination victims, the *Burk* tort would not be available. 1999 OK 49, ¶ 15, 981 P.2d 321, 326, 327.

¶ 5 In *Tate v. Browning–Ferris, Inc.,* 1992 OK 72, 833 P.2d 1218, this Court addressed the same issue in a race discrimination case. This Court held:

When a statute is susceptible to more than one construction, it must be given that interpretation which frees it from constitutional doubt rather than one that would

C.  If it is determined in such action that the defendant or defendants in such action have discriminated against the charging party on the basis of handicap as charged in the petition, the aggrieved party shall be entitled to nominal or actual damages. Actual damages shall include, but are not limited to, reinstatement or hiring, with or without back pay, or any other legal or equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two (2) years prior to the filing of the charge with the Oklahoma Human Rights Commission. Interim earnings or amounts earnable with reasonable diligence by the person discriminated against shall operate to reduce the back pay otherwise allowable. No order of the court shall require the hiring or reinstatement or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused employment or advancement or was suspended or discharged for legitimate reasons other than discrimination on account of handicap.
D.  In any action or proceeding under this section the court shall allow a prevailing party a reasonable attorneys fee.
E.  No action shall be maintainable in district court as herein provided more than two (2) years after a timely filing of a charge with the Oklahoma Human Rights Commission.

make it fraught with fundamental-law infirmities. The Act here in contest does not provide a private right of action to a person aggrieved by racially discriminatory practices if the Commission does not resolve the claim to his satisfaction. In contrast, it does afford a private right of action for discrimination based on handicap. Were we today to construe the statute as having established the sole remedy for racially discriminatory practices, we would create a dichotomous division of discrimination remedies contrary to Art. 5 § 46 of the Oklahoma Constitution. There would be a more generous remedy for victims of handicap discrimination than for those who suffered from racial discrimination. For remedial purpose, discrimination victims comprise a single class. Our Constitution absolutely interdicts the passage of special law that would sanction disparate remedies for those who complain of employment discrimination.

1992 OK 72, ¶ 18, 833 P.2d 1218, 1229–1230. (Footnotes omitted)

¶ 6 Age-discrimination victims are part of the employment discrimination class, and as such must be afforded the same rights as the other members of the class. Therefore we find that there is a *Burk* tort remedy for those who allege employment age discrimination.

**CERTIFIED QUESTION ANSWERED.**

¶ 7 CONCUR: WATT, C.J., WINCHESTER, V.C.J., LAVENDER, OPALA, EDMONDSON, TAYLOR, COLBERT, JJ.

¶ 8 CONCUR IN RESULT: KAUGER, J.