278 P.3d 1 (2011)
2012 OK CIV APP 47
David M. ARMSTRONG, Plaintiff/Appellant,
v.
The STATE of Oklahoma, ex rel., OKLAHOMA INSURANCE DEPARTMENT and Craig Knutson, individually, Defendants/Appellees.
No. 109,357. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 4.
Court of Civil Appeals of Oklahoma, Division No. 4.
December 20, 2011.
Rehearing Denied February 10, 2012.
Certiorari Denied April 16, 2012.
*2 Mark Hammons, Hammons, Gowens & Hurst, Oklahoma City, Oklahoma, for Plaintiff/Appellant.
W.A. (Drew) Edmondson, Attorney General, Kevin L. McClure, Assistant Attorney General, Litigation Section, Oklahoma City, Oklahoma, for Defendants/Appellees.
KEITH RAPP, Judge.
¶ 1 The trial court plaintiff, David Armstrong (Armstrong), appeals an order granting summary judgment to the defendant, the State of Oklahoma ex rel. Oklahoma Insurance Department (State).[1] This appeal proceeds under the accelerated appeal procedure of Okla. Sup.Ct. Rule 1.36, 12 O.S. Supp.2010, ch.15, app. 1.

BACKGROUND
¶ 2 In light of the issues presented in the summary judgment proceedings, the facts relating to Armstrong's discrimination claim do not need elaboration. The Oklahoma Insurance Department (OID) employed Armstrong as an unclassified employee. On January 6, 2006, OID terminated Armstrong. At that time, he was over forty years of age. He filed suit claiming age and gender discrimination in violation of state policy as set out in 25 O.S.2001, § 1101, and following, as well as federal law, 42 U.S.C. § 2000e, and following.[2] Armstrong claimed that he was *3 about to vest in the retirement system. He also claimed that a female employee performing the same work was retained, with a salary adjustment, while he was terminated.
¶ 3 Prior to filing his lawsuit, Armstrong filed a complaint with the Oklahoma Human Rights Commission, alleging his grounds of discrimination. According to the undisputed record, the Commission did not act on Armstrong's complaint for more than one-hundred days and the record contains no resolution subsequent to that period. Armstrong also filed an appeal with the Merit Protection Commission (MPC).[3] The MPC dismissed this appeal because Armstrong was not a classified employee.[4] Armstrong did not appeal that ruling.
¶ 4 The State moved for summary judgment. The issues pertinent to this appeal are: (1) the State asserted that Armstrong had no claim because he had an adequate statutory remedy by appeal to the MPC; (2) Section 2000e, and following, of the Federal law do not protect Armstrong from age discrimination in employment; (3) Armstrong is not an "employee" under federal law definitions and cannot sue for gender discrimination; and, (4) Armstrong does not have evidence of reverse gender discrimination.
¶ 5 In response, Armstrong disputed the factual premises for the State's contentions. As a result of later decisions from the Oklahoma Supreme Court, the parties supplemented their arguments. These supplemental arguments focused upon the "adequate remedy" question as a matter of law.
¶ 6 The trial court granted summary judgment to the State. However, the journal entry does not specify any particular ground, finding, or reasoning. Armstrong appeals.

STANDARD OF REVIEW
¶ 7 The de novo standard applies to summary judgment reviews. Summary judgment is appropriate when there is no dispute as to material facts or any inferences drawn from undisputed facts and the law favors the movant's claim or liability defeating defense. Vasek v. Board of County Comm'rs, 2008 OK 35, ¶ 10, 186 P.3d 928, 931.

ANALYSIS AND REVIEW

A. Federal Law Claims.
¶ 8 Armstrong has conceded that Section 2000e, and following, do not provide an age discrimination cause of action. Therefore, the trial court correctly granted summary judgment as to Armstrong's age discrimination claim grounded on federal law.
¶ 9 Based on federal law, Armstrong may establish a prima facie case of wrongful termination due to gender discrimination by showing that: (1) he belongs to a protected class; (2) he was qualified for his job; (3) despite his qualifications, he was discharged; and (4) the job was not eliminated after his discharge. Perry v. Woodward, 199 F.3d 1126, 1135 (10th Cir.1999).
¶ 10 Review of the record shows that factual issues exist regarding elements (2), (3) and (4). Also, there are factual issues about whether Armstrong is an employee under federal law definitions, as opposed to being an appointee.
¶ 11 The State argued that Armstrong is not a member of a protected class for purposes of the gender-based discrimination action. While that fact does not disqualify his lawsuit, the State further maintained that courts have required that plaintiffs, such as Armstrong, show background circumstances which support the suspicion that the defendant is that unusual employer who discriminates against the majority, in lieu of showing the protected class element. Notari v. Denver Water Dept., 971 F.2d 585, 588-90 (10th Cir.1992) (the plaintiff must allege and produce evidence to support specific facts that are sufficient to support a reasonable inference that, but for plaintiff's status, the challenged decision would not have occurred). Thus, according to the State, the court must determine whether Armstrong has adduced any evidence to support, as a reasonable probability, the inference that but for his *4 gender, he would not have been discharged. Notari, 971 F.2d at 590-91.
¶ 12 This Court rejects the State's argument. The prohibition of discrimination based upon sex in Section 2000e protects men as well as women. Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (same sex discrimination). The requirement is to show discrimination based upon gender. See English v. Pohanka of Chantilly, Inc., 190 F. SupP.2d 833, 841 (E.D.Va.2002). Here, the summary judgment record reflects factual disputes regarding whether Armstrong was the victim of gender-based discrimination.
¶ 13 Therefore, the trial court erred in granting summary judgment as to his federal-law gender discrimination claim.[5]

B. Burk Claim.
¶ 14 The State's argument that Armstrong does not have a Burk claim has its basis in the contention that Armstrong had an adequate statutory remedy by virtue of an appeal to the Merit Protection Commission under 74 O.S.2001, § 840-6.6.[6] In its motion for summary judgment, the State characterized the appeal that Armstrong did file with MPC as an "adverse action appeal" and distinguished that from a "violations appeal."[7]
¶ 15 The "adverse action" appeal involves an appeal from a suspension or termination due to position audit or reclassification, or because of alleged employee misconduct. The "adverse action" appeal is provided to classified employees. 74 O.S. Supp.2006, § 840-6.5.
¶ 16 There is no dispute that Armstrong filed an appeal under Section 840-6.5, and that MPC dismissed that appeal because Armstrong was not a classified employee. Armstrong did not appeal that decision and he has not otherwise shown himself to be a classified employee.
¶ 17 This then brings this review to an examination of the applicability of a "violations appeal" under 74 O.S.2001, § 840-6.6. The State maintained that Armstrong could have, and should have, asserted a "violations appeal." However, the State specifically disclaimed any assertion that Armstrong failed to exhaust administrative remedies.[8] However, *5 State argued that the MPC "violations appeal" provided a statutory remedy, thereby precluding a Burk claim.[9] The State's argument focuses on there being an available statutory remedy, with the remedy being the "violations appeal" to MPC. The trial court here necessarily had to agree in order to grant summary judgment.
¶ 18 Burk adopted a public policy exception to the at-will termination rule. When the discharge of an at-will employee is contrary to the express public policy of this State, as expressed by the Constitution, or statutes, or case law, the action is a tort. As the Burk doctrine evolved, the Oklahoma Supreme Court ruled that all those individuals subjected to banned status-based discrimination constituted a class.
¶ 19 The Oklahoma Anti-Discrimination Act, 25 O.S.2001 §§ 1101-1901, created a unified class of persons who are the victims of handicap, race, gender, or age discrimination. This Act was cited by the Oklahoma Supreme Court as the Act establishing the class. Therefore, equal remedies or commensurate remedies are required for all those persons in that class because of the mandate of the Oklahoma Constitution, art. 5, § 46. Shirazi v. Childtime Learning Center, Inc., 2009 OK 13, ¶ 9, 204 P.3d 75, 78; Kruchowski v. The Weyerhaeuser Co., 2008 OK 105, ¶ 37, 202 P.3d 144, 154; see Shephard v. CompSource Oklahoma, 2009 OK 25, ¶ 10, 209 P.3d 288, 292. Under Article 5, Section 46 of the Oklahoma Constitution, the same remedies must be applicable to everyone within the same class of employment discrimination, which includes discrimination due to race, color, religion, sex, national origin, age, and handicap. Shirazi v. Childtime Learning Center, Inc., 2009 OK 13 at ¶ 12, 204 P.3d at 79.
¶ 20 In Kruchowski, 2008 OK 105 at ¶ 37, 202 P.3d at 154, the Court explained the fifth Burk element. When asserting a claim premised on a breach of Oklahoma's public policy, "the plaintiff must make a showing that a breach of Oklahoma's public policy occurred for which (a) there is no available statutory-crafted remedy, or (b) the available statutory remedy is not commensurate with that which is provided for similar work-related discrimination." The Court reiterated this ruling in Shirazi.
Today, we hold that the Okla. Const. art. 5 § 46 requires that the same remedies must be applicable to everyone within the same class of employment discrimination. The same class of employment discrimination, as recognized by 25 O.S.2001 § 1302, includes race, color, religion, sex, national origin, age, and handicap. Regardless of whether the remedies originate under federal statutes or state law, pursuant to Saint v. Data Exchange, Inc., 2006 OK 59, 145 P.3d 1037, and Kruchowski v. Weyerhaeuser Co., 2008 OK 105, 202 P.3d 144, rather than looking to the adequacy of remedies, a plaintiff may pursue a state law Burk tort claim for wrongful discharge in violation of public policy when the same remedies are not available to the same class of employment discrimination victims.
Shirazi, 2009 OK 13 at ¶ 12, 204 P.3d at 79.
¶ 21 The Oklahoma Personnel Act (OPA) also bans discrimination in employment practices. 74 O.S.2001, § 840-2.9(A).[10] However, the alleged victim of age discrimination is not included in the OPA class of employees protected from discrimination. The "violations *6 appeal" under Section 840-6.6, pertains to allegations of violations of rights under the OPA and age is not included. 74 O.S.2001, § 840-6.6(A).
¶ 22 Therefore, the State looks to the statutes creating the Oklahoma Human Rights Commission, and specifically 74 O.S.2001, § 954.[11]
¶ 23 Section 954 does provide a statutory remedy for status-based discrimination claims, including age and gender. See Morehouse v. State, 2006 OK CIV APP 144, 150 P.3d 395. Under Shephard and McCrady,[12] an adequate statutory remedy sufficient to protect the Oklahoma public policy goal will preclude a Burk claim.[13]
¶ 24 However, since the Shephard, McCrady, and Morehouse decisions, the Supreme Court has decided Shirazi and Kruchowski. The Oklahoma Constitution requires that the same remedies must be applicable to everyone within the same class of employment discrimination. The same class of employment discrimination, as recognized by 25 O.S. 2001, § 1302, includes race, color, religion, sex, national origin, age, and handicap. Therefore, notwithstanding the existence of a statutory remedy under 74 O.S.2001, § 954, the Section 954 remedy must be commensurate with that which is provided for similar work-related discrimination. Armstrong argued that Section 954 provides no remedies and that the State has not shown otherwise.[14] Thus, there is here no "violations appeal."
¶ 25 As shown above, the employee, who is allegedly a victim of age discrimination, does *7 not have available MPC "violations appeal" under 74 O.S.2001, § 840-6.6(A). However, the MPC does have separate authority to "investigate" and "enforce compliance" with 74 O.S.2001, § 954. Section 954 empowers the MPC to enforce "its orders pertaining to violations of this section as is provided by law in regard to the classified service."
¶ 26 Nevertheless, the Section 954 "remedy" has not been shown to meet the Shirazi and Kruchowski requirements that the same remedies must be applicable to everyone within the same class of employment discrimination. Section 954 refers the matter back to the MPC. In the case of a "violations appeal" and determination of a violation, the MPC is limited to corrective action or reporting to authorities for further, unspecified action. 74 O.S.2001, § 840-6.6(B).
¶ 27 The Section 994 "remedy" is an alternative remedy, but not a commensurate remedy. A Burk claim arises because the employer's discharge was in violation of Oklahoma's public policy. The Burk plaintiff must demonstrate that the available remedies to the same class of employment discrimination victims are not uniform and evenhandedregardless of whether the remedies originate under Federal statutes or state law. Kruchowski, 2008 OK 105 at ¶¶ 36-37, 202 P.3d at 154.
¶ 28 The Burk claim is a tort. Recoverable damages, including punitive damages, are governed by statutory and common-law principles of tort liability. Burk, 1989 OK 22, 770 P.2d 24 n. 10. Thus, the Burk tort is decidedly a different remedy than the Section 954 remedy.
¶ 29 This Court holds that when there are alternative remedies, statutory or common-law, a plaintiff is not required to elect between, or among, such remedies. However, a plaintiff may not obtain double recovery. Shirazi, 2009 OK 13 at ¶ 12, 204 P.3d at 79.
¶ 30 This Court further holds that alternative remedies must satisfy the commensurate and uniform standard both internally and in relation to each other.[15]
¶ 31 The State here has not shown in its summary judgment motion that Armstrong is unable to establish that his remedies are not uniform and commensurate with other forms of status-based discrimination remedies. Thus, on this point, the State has failed to establish that it is entitled to summary judgment as a matter of law. 12 O.S. Supp.2010, § 2056(C); Rule 13(e), Rules For District Courts, 12 O.S. Supp.2010, ch. 2, app.
¶ 32 Therefore, the trial court erred by granting summary judgment as to Armstrong's Burk claim.

CONCLUSION
¶ 33 Armstrong alleges age and gender discrimination as the basis for his employment termination from the State Insurance Department. The trial court erred in granting summary judgment as to his Burk claim because the Oklahoma Personnel Act does not provide the same remedies applicable to everyone within the same class of employment discrimination. The class includes alleged victims of age and gender discrimination. A complaint under 74 O.S.2001, § 954, has not been shown to provide uniform remedies, as opposed to an alternative remedy, to all employees claiming status-based discrimination.
¶ 34 There are factual issues precluding summary judgment as to Armstrong's federal-law gender discrimination claim. However, federal law does not afford Armstrong an age discrimination cause of action and he agrees. Therefore, the trial court erred by granting summary judgment as to the federal-law based gender claim, but did correctly grant summary judgment as to the age discrimination claim based on federal law.
¶ 35 AFFIRMED IN PART AND REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
THORNBRUGH, J., concurs, and GOODMAN, P.J., concurs in result.
NOTES
[1] Armstrong dismissed the action as to the defendant Craig Knutson. The State devoted the first part of the summary judgment motion to the contention that Knutson must be dismissed. A part of Armstrong's response also addresses the claim against Knutson. These discussions are now moot.
[2] The federal statutes 42 U.S.C. § 2000e, and following, prohibit employment discrimination because of such individual's race, color, religion, sex, or national origin. "Age" is not included. Armstrong conceded that he does not have an age discrimination claim under Section 2000e.

Title 25, Chapter 21 of the Oklahoma statutes relates to discrimination. Section 1101 has been amended effective November 1, 2011. There is no contention here that the amendment applies. Article 3 prohibits employment discrimination.
25 O.S.2001, § 1301(5), remains unaffected by subsequent amendments and provides:
5. "Age discrimination in employment" means discrimination in employment of persons who are at least forty (40) years of age.
25 O.S.2001, § 1302(A) provides:
A. It is a discriminatory practice for an employer:
1. To fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race, color, religion, sex, national origin, age, or handicap unless such action is related to a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business or enterprise; or
2. To limit, segregate, or classify an employee in a way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect the status of an employee, because of race, color, religion, sex, national origin, age, or handicap unless such action is related to a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business or enterprise.
The Oklahoma Personnel Act also prohibits employment discrimination, but age discrimination is not included. 74 O.S.2001, § 840-2.9(A).
[3] State's Motion For Summary Judgment. Record, Tab G, Ex. 8.
[4] State's Motion For Summary Judgment. Record, Tab G, Ex. 9.
[5] Armstrong is allowed only one recovery. Kruchowski v. The Weyerhaeuser Co., 2008 OK 105, ¶ 33, 202 P.3d 144, 153-54.
[6] Summary Judgment Hearing, Tr. p. 9. Section 840-6.6 provides, in part:

A. Any person who believes that his or her rights under the Oklahoma Personnel Act, Section 840-1.1 et seq. of this title, have been violated may appeal to the Oklahoma Merit Protection Commission for corrective action.
B. Excluding the procedures set forth in Section 840-6.5 of this title, the Executive Director shall conduct preliminary investigations of possible violations of the Oklahoma Personnel Act. The Executive Director shall prepare a report of each such investigation stating the issues and findings of fact. If it is the determination of the Executive Director that a violation of the Oklahoma Personnel Act or the Merit System of Personnel Administration Rules may have occurred, the Executive Director shall, within ten (10) calendar days after the date of the report, appoint an administrative hearing officer to hear the case or refer the case to the Alternative Dispute Resolution Program, as appropriate and provided for by law. If the appeal is to be heard by an administrative hearing officer, the Executive Director shall notify the appellant and the appointing authority of the date, time, and place of the hearing in accordance with the provisions of Section 840-6.7 of this title. Such hearing shall be conducted within thirty-five (35) calendar days of the date of the investigative report unless continued for good cause. Any continuances shall not exceed a combined total of sixty (60) calendar days except for good cause shown.
The prehearing conference and hearing shall be conducted in accordance with the provisions of Section 840-6.7 of this title. If it is determined a violation has occurred, the Commission or presiding official shall:
1. Direct the appointing authority to take the necessary corrective action; or
2. Report the finding to the appropriate authorities for further action.
Corrective action shall be confined to issues submitted for decision and shall be consistent with applicable laws and rules and limited to actions specifically granted to the Oklahoma Merit Protection Commission and presiding official in the Oklahoma Personnel Act and shall not alter, reduce, or modify any existing right or authority as provided by statute or rule.
[7] The MPC appeal document, Exhibits 8, confirms this characterization.
[8] A portion of Armstrong's summary judgment response addresses the exhaustion of administrative remedies issue. Exhaustion of administrative remedies is not an issue in this appeal because of the State's disclaimer.
[9] Summary Judgment Hearing, Tr. pp. 9, 10; Defendant's Response To Plaintiff's Supplemental Authority, Record Tab S, p. 12. In Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24, the Oklahoma Supreme Court "recognized an actionable common-law tort for an at-will employee's discharge in contravention of a clear mandate of public policy." In Vasek v. Board of County Comm'rs, 2008 OK 35, ¶ 14, 186 P.3d 928, 932, the Court set out the elements of an action under Burk.

A viable Burk claim must allege (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.
[10] Section 840-2.9(A) provides:

A. No person in the state service, whether subject to the provisions of the Merit System or in unclassified service, shall be appointed to or demoted or dismissed from any position in the state service, or in any way favored or discriminated against with respect to employment in the state service because of political or religious opinions or affiliations, race, creed, gender, color or national origin or by reason of any physical handicap so long as the physical handicap does not render the employee unable to do the work for which he is employed. The hiring of special disabled veterans pursuant to Sections 401 through 404 of Title 72 of the Oklahoma Statutes shall not constitute favoritism as herein prohibited. (Emphasis added.)
[11] Section 954 provides:

It is hereby prohibited for any department or agency of the State of Oklahoma, or any official or employee of the same for and on behalf of the State of Oklahoma: to refuse to employ or to discharge any person, otherwise qualified, on account of race, color, creed, national origin, age, handicap, or ancestry; to discriminate for the same reasons in regard to tenure, terms, or conditions of employment; to deny promotion or increase in compensation solely for these reasons; to publish an offer of employment based on such discrimination; to adopt or enforce any rule or employment policy which so discriminates as to any employee; or to seek such information as to any applicant or employee or to discriminate in the selection of personnel for training solely on such basis. These provisions shall be cumulative and in addition to existing laws relating to discrimination in the classified service.
It shall be the duty of the Oklahoma Merit Protection Commission to investigate, upon its own initiative, upon complaint filed by any aggrieved person, or upon complaint filed by the Human Rights Commission, any violation of this section and to enforce compliance with the same, both in the classified and the nonclassified service. The Human Rights Commission shall investigate, upon its own initiative or on complaint filed with it, any such violation and may file a formal complaint with the Oklahoma Merit Protection Commission. When any complaint is filed by the Human Rights Commission with the Oklahoma Merit Protection Commission, the Oklahoma Merit Protection Commission shall set a hearing on the same, at which hearing the Director of the Human Rights Commission, or his representative, may appear and present the finding of the Commission in regard to such violation. In the enforcement of this section, the Oklahoma Merit Protection Commission shall follow the provisions of existing laws relating to hearings, procedures, and notices, and shall have power to enforce its orders pertaining to violations of this section as is provided by law in regard to the classified service.
[12] McCrady v. Oklahoma Dept. of Public Safety, 2005 OK 67, 122 P.3d 473.
[13] The State's reliance on Shephard is misplaced. In that case Shepard, the employee, had an adequate statutory remedy under the Whistleblower Act, 74 O.S. Supp.2008, § 840-2.5. The Act specifically provides for an appeal to the MPC and provides specific remedies. All persons coming under the Whistleblower Act receive identical treatment. The Shephard-class of employees did not include, or involve, employees alleged to be victims of status-based discrimination in employment. The status-based class is defined under 25 O.S.2001, § 1302(A). The Whistleblower class of employees does not include class members with disparate remedies. Thus, the "adequacy of remedy" remains when the basis of the discharge is conduct, such as that of the whistleblower. Wheat v. State ex rel. Tulsa County District Attorney, 2010 OK CIV APP 119, ¶ 22, 241 P.3d 1150, 1154-55. The "commensurate remedy" rule applies when the basis of the discharge is status. Id.
[14] Plaintiff's Supplemental Brief. Record, Tab T, at p. 4.
[15] The absence of age discrimination as a basis for a "violations appeal" to the MPC is an example of a lack of internal uniformity. The comparison between the Burk tort remedy and the Section 954 remedy is an example of the lack of comparative uniformity.