2005 OK 67

**Rodney G. McCRADY,**
**Plaintiff/Appellant,**

v.

**OKLAHOMA DEPARTMENT OF PUB-**
**LIC SAFETY and Robert Ricks, indi-**
**vidually, Defendant/Appellee.**

No. 100,580.

Supreme Court of Oklahoma.

Sept. 27, 2005.

---

**29.** For the terms of § 337 see *supra* note 13.

See also part IV of today's opinion.

James Patrick Hunt, James R. Moore & Associates, P.C., Oklahoma City, OK, for Plaintiff/Appellant.

Kevin L. McClure, Oklahoma City, OK, for Defendant/Appellee.

EDMONDSON, J.

¶ 1 We previously granted certiorari to the Department of Public Safety's petition to address the first impression question whether a classified employee of the State of Oklahoma may be considered to be an "employee-at-will" for the purpose of being eligible to bring an action in tort for wrongful termination from employment pursuant to *Burk v. K–Mart Corp.*, 1989 OK 22, 770 P.2d 24. We answer the question in the negative and vacate that part of the decision of the Court of Civil Appeals so holding.

¶ 2 The relevant undisputed facts are these. Rodney G. McCrady was a permanent classified employee with the Oklahoma Department of Public Safety (Department), a first Lieutenant with the Oklahoma Highway Patrol, when he was terminated from that position in 2002 for misconduct. This is his second termination from his position with OHP. He was initially terminated in 1995, and was reinstated in 2001 by order of the Merit Protection Commission following his successful appeal.[1]

¶ 3 McCrady sued the Department and Commissioner of Public Safety, Robert Ricks, accusing the Department of intentional infliction of emotional distress and wrongful discharge from employment. He alleged the terminations were imposed in retaliation for his exercise of statutory and constitutional rights, and that the Department's conduct was tortious as it punished activities specifically protected by 74 O.S.2001, § 840–6.2 ©,

in violation of the public policy of the State of Oklahoma. That section provides:

"No employee shall be disciplined or otherwise prejudiced in his or her employment for exercising his or her rights under the internal agency grievance resolution procedure."

¶ 4 The trial court granted summary judgment to both defendants and McCrady appealed. The Court of Civil Appeals affirmed summary judgment in favor of Ricks on all claims, and partially affirmed summary judgment in favor of the Department; on the cause for wrongful termination, the judgment was reversed and the matter remanded for further proceedings. The Court's decision was based on its determination that a disputed issue of fact existed which might support the inference of a retaliatory motive on the part of the Department which would be violative of public policy set forth in 74 O.S. Supp.2003, § 840–2.5.(C), part of the "Whistleblower's Act" providing as follows:

"Any person who has authority to take, direct others to take, recommend or approve any personnel action shall not take or fail to take any personnel action with respect to any employee for filing an appeal or testifying on behalf of any person filing an appeal with the Oklahoma Merit Protection Commission."

¶ 5 The Department points out that the Court of Appeals raised this issue sua sponte, as the statute was neither cited nor argued at trial or on appeal. The Department argues that irrespective of the Court's treatment of the appeal, the suit was not a whistleblower's action, but was brought in tort for wrongful termination and McCrady is not eligible to bring such an action because he is not an employee-at-will. We agree.

¶ 6 The doctrine of employment-at-will is firmly embedded in the common law of Oklahoma. *Collier v. Insignia Financial Group*, 1999 OK 49, 981 P.2d 321, 323. Un-

---

**1.** The parties' litigation has given rise to the following appeals: *McCrady v. Oklahoma Department of Safety*, No. 92,139,(Ct.Civ.App., Div.I. Dec. 10, 1999), *cert. granted for limited purpose; Oklahoma Department of Safety v. McCrady*, No. 98,178, (Ct.Civ.App.Div.III. Sept. 25, 2003); *Oklahoma Department of Safety v. McCrady*, No.100,237, (Ct.Civ.App.Div.III. July 9, 2004); *cert. denied; Oklahoma Department of Safety v. McCrady*, No.101,210, pending disposition. The matter before us does not directly involve those cases and the issues raised therein are not pertinent to the question before us today.

der the doctrine, an employee with an employment contract of indefinite duration is free to leave his or her employment for any reason or no reason without incurring liability to the employer, and the employer has the corresponding freedom to terminate the at-will employee for any reason or no reason without incurring liability to the employee.

¶ 7 In *Burk v. K–Mart Corp.*, 1989 OK 22, 770 P.2d 24, this Court created an exception to the doctrine, restricting the right of employers to discharge at-will employees when that termination is in contravention of a clear mandate of public policy, as articulated by constitutional, statutory or decisional law. *Id.* at 28. The exception subjects the employer to tort liability where the employee is "discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Id.* at 29. It applies to only a narrow class of cases and must be tightly circumscribed. *Id.* at 28–29. See also *Clinton v. State of Oklahoma, ex rel. Logan County Election Board,* 2001 OK 52, 29 P.3d 543, 545; *Marshall v. OK Rental & Leasing, Inc.* 1997 OK 34, 939 P.2d 1116, 1119; *List v. Anchor Paint Mfg. Co.,* 1996 OK 1, 910 P.2d 1011, 1013; *Hayes v. Eateries, Inc.,* 1995 OK 108, 905 P.2d 778, 785.

¶ 8 In *Clinton,* we explained that the public policy exception to the at-will employment doctrine rests on the notion that in a civilized society the rights of employers to discharge at-will employees must necessarily be balanced against the rights of the public at large as expressed in the existing law. Its purpose, therefore, is to protect the state's public policy in the context of at-will employment by ensuring that there is a strong disincentive to an employer who might wish to discharge an at-will employee for a reason which violates our clear and compelling public policy. *Id.* at 546.

¶ 9 In *Clinton,* we clarified the parameters of the *Burk* tort. In order to prevail in an action brought for a wrongful discharge in violation of Oklahoma's public policy, a plaintiff must first identify an Oklahoma public policy goal that is clear and compelling and articulated in existing constitutional, statutory or jurisprudential law. The action is precluded if a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal, and the determinations of public policy and adequacy of remedy are questions of law to be resolved by the court. Next, the plaintiff must establish that he or she was an at-will employee and that the reason for the discharge violated the identified Oklahoma public policy goal. *Id.*

¶ 10 McCrady, a classified employee, is not an employee-at-will. Under the Oklahoma Personnel Act, 74 O.S.2001 §§ 840–1.1 et seq., public employees are designated as being in either "classified" or "unclassified" service. Employees in classified service are under the jurisdiction of the Oklahoma Merit System of Personnel Administration, § 840–1.3(6), and are protected by detailed rules and procedures concerning all aspects of the employment relationship, including the right to appeal from internal agency grievance resolution procedures, demotions, suspensions, and involuntary discharge without just cause. §§ 840–1.3(6),(20); 840–6.1 et seq. These employment rights are not afforded to employees in unclassified service. Unclassified employees serve at the pleasure of their employers and may be discharged at any time, "with or without cause." § 840–5.1A. They are considered at-will employees. See *Phillips v. Wiseman,* 1993 OK 100, 857 P.2d 50, 53.

¶ 11 The purpose of the Oklahoma Personnel Act is set forth in § 840–1.2 as follows:

"It is the purpose of this act to protect the public from improper use of authority, to protect public officials and employees from unwarranted assaults on their integrity and to enforce the protections for classified employees and citizens under the Merit System of Personnel Administration. It is further the general purpose of this act to establish for the state a system to recruit, select, develop and maintain an effective and responsive work force; to provide for administrative flexibility and adequate and reasonable protection and security for those who have entered and will enter into the service of the state; to provide for the preservation and protection of the Merit System; and to provide policies and proce-

dures for the selection, hiring, retention, advancement, career development, job classification, salary administration, discipline, discharge and other related activities, all in accordance with principles of merit and fitness and equal employment opportunity, and to maintain a high level of morale, motivation and productivity among state employees."

¶ 12 We are unpersuaded by McCrady's complaints that the many protections set forth for employees in classified service by the Oklahoma Personnel Act do not constitute an adequate remedy at law because he has not yet recovered his back pay and benefits awarded to him from his appeals of his terminations and has been forced to defend several lawsuits and appeals. This is not an action to recover those awards or enforce those judgments, so we will not address those issues here except to observe that the Oklahoma Personnel Act provides adequate remedy to McCrady sufficient to protect him and the identified public policy goals of Oklahoma.

¶ 13 Because McCrady is not an employee-at-will, he is not within the class of persons who may bring a claim in tort for wrongful discharge based on the public policy exception to the employment-at-will rule, a *Burk* action. We therefore vacate that portion of the decision of the Court of Appeals which held in his favor and against the defendant Department, and affirm the judgment of the trial court.

¶ 14 WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, TAYLOR, COLBERT, JJ., Concur.

¶ 15 KAUGER, J., Concurs in result.