2009 OK 13

**Ana Maria SHIRAZI, Plaintiff,**

v.

**CHILDTIME LEARNING CENTER, INC., Defendant.**

**No. 106,089.**

Supreme Court of Oklahoma.

Feb. 24, 2009.

---

Mark Hammons, Amber L. Hurst, Oklahoma City, OK, for Plaintiff.

Elaine R. Turner, Elisabeth E. Muckala, Oklahoma City, OK, for Defendant.

KAUGER, J.

¶1 The United States District Court for the Western District of Oklahoma certified two questions of Oklahoma Law under the Revised Uniform Certification of Questions of Law Act, 20 O.S.2001 §§ 1601–1611,[2] seeking clarification concerning the "adequacy" of remedies available to a plaintiff who brings an employment discrimination lawsuit based on race, national origin, and age discrimination claims. We have consolidated and reformulated [3] the two questions into one.

¶2 The plaintiff, Ana Maria Shirazi (Shirazi), was employed by the defendant, Child-

**2.** Title 20 O.S.2001 § 1602 provides:

Power to Answer. The Supreme Court and the Court of Criminal Appeals may answer a question of law certified to it by a court of the United States, or by an appellate court of another state, or of a federally recognized Indian tribal government, or of Canada, a Canadian province or territory, Mexico, or a Mexican state, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state.

**3.** Title 20 O.S.2001 § 1602.1 provides:

Power to Reformulate Question. The Supreme Court of this state may reformulate a question of law certified to it.

time Learning Center, Inc. (the Center) as a teacher. After Shirazi was terminated from employment, she brought an action in the United States District Court for the Western District of Oklahoma alleging that during her employment, she was subjected to discriminatory and harassing employment practices based on race, national origin, and age.

¶3 On July 14, 2008, the United States District Court for the Western District of Oklahoma filed an order certifying two questions of law to this Court concerning the "adequacy" of federal or state remedies available to a plaintiff asserting race, national origin, or age discrimination claims and the availability of a *Burk* tort. On December 16, 2008, the Center filed its Notice to the Court of Settlement Agreement asserting that a settlement agreement had been reached.

■■■ ¶4 On January 9, 2009, we directed Shirazi to show cause why the questions were not moot. She responded, arguing that the public interest exception to the mootness doctrine was applicable,[4] and she provided documentation alleging that the bench and bar remained uncertain about our recent holdings in *Saint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037, and *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, 202 P.3d 144.[5] We agree that the public interest exception to mootness applies.

¶5 THE OKLA. CONST. ART. 5, § 46 REQUIRES THAT THE SAME REMEDIES MUST BE APPLICABLE TO EVERYONE WITHIN THE SAME CLASS OF EMPLOYMENT DISCRIMINATION, REGARDLESS OF WHETHER THE REMEDIES ORIGINATE UNDER FEDERAL STATUTES OR STATE LAW. THE SAME CLASS OF EMPLOYMENT DISCRIMINATION, AS RECOGNIZED BY 25 O.S.2001 § 1302, INCLUDES RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, AND HANDICAP.

¶6 Shirazi argues that pursuant to *Saint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037, the Okla. Const. art. 5, § 46,[6] requires all remedies which are recognized in the Oklahoma Anti–Discrimination Act[7] to be the same. The Center contends that although *Saint* recognized that a constitutional "unified class" was mandated, "equal" statutory remedies were not required, and the need for the plaintiff to show that her remedies were "inadequate" was not eliminated.

¶7 In *Saint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037, the Court addressed whether a *Burk* tort remedy was available to an age-discrimination plaintiff. The *Saint* plaintiff brought an age discrimination suit in Federal Court, asserting claims under the federal age discrimination statute[8] and Okla-

---

4. Ordinarily a court would not consider a case once the case has become moot, however, exceptions to the mootness doctrine exist for reasons of public interest or likelihood of recurrence. *Pearce v. Oklahoma*, 1998 OK 106, ¶5, 970 P.2d 175; *Payne v. Jones*, 1944 OK 86, ¶¶4–5, 146 P.2d 113.

5. The plaintiff attached three pleadings from three different lawsuits illustrating confusion as to the applicability of *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, 202 P.3d 144, to other claims besides age discrimination. In the first pleading, the attorney argues that *Kruchowski* entirely hinged on age discrimination and the remedies available did not apply to sex discrimination claims. In the second pleading, the attorney argues that as long as *any* statutory remedy exists at all, a plaintiff may not assert a *Burk* tort claim. Finally, in the last pleading, the Federal Court dismissed without prejudice a motion reconsider its dismissal of a *Burk* claim of race discrimination in order to await our answer in the instant cause.

6. The Okla. Const. art. 5, § 46 provides in pertinent part:

> ... The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: ...
> Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals, ...

7. Title 25 O.S.2001 §§ 1101 et seq.

8. Title 29 U.S.C. §§ 621 *et seq.* In *Darrow v. Integris Health, Inc.*, 2008 OK 1, ¶¶ 12–13, 176 P.3d 1204, we held that a federal statute standing alone does not articulate Oklahoma's public policy. Only a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal Constitution that prescribes a norm of conduct for the state can serve as a source of Oklahoma's public policy.

homa's public policy against age discrimination as embodied by the Oklahoma Anti–Discrimination Act, 25 O.S.2001 §§ 1101–1901. The plaintiff's argument was that the Oklahoma Anti–Discrimination Act created a unified class of persons who are the victims of handicap, race, gender, or age discrimination; therefore, equal remedies are required for all those persons under art. 5, § 46 of the Oklahoma Constitution.[9] We agreed with the plaintiff's argument.[10]

¶8 On December 16, 2008, we decided *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, 202 P.3d 144. *Kruchowski* also involved an age discrimination claimant who asked the United States Court for the Eastern District of Oklahoma to certify a question to this Court in an attempt to clarify *Saint's* impact on previous decisions.[11] We recognized that: 1) *Saint* had already determined that our Constitution required that the *same* remedies must be made available for everyone within the class of employment discrimination—handicap, race, sex, and age; and 2) pursuant to *Saint*, the case turned not on the *adequacy* of the remedies, but whether the remedies were disparate and unequal. Although we did not discuss the entire class of similarly situated employment discrimination plaintiffs, the Oklahoma Anti–Discrimination Act specifically places race, color, religion, sex, national origin, age, and handicap as types of discrimination within the same employment class.[12]

¶9 In *Kruchowski*, we held that a plaintiff may pursue a state law claim for wrongful discharge in violation of public policy when the available remedies to the same class of employment discrimination victims are not uniform and evenhanded-regardless of whether the remedies originate under federal or state law. It is only when the available remedies to the victim are not the same as those remedies which are provided for like or similar discrimination that we will craft an appropriate common law remedy. We also noted that because a *Burk* claim's actionable character is anchored in the employer's discharge in a breach of Oklahoma's public policy, the plaintiff must show either that a breach of Oklahoma's public policy occurred for which there is no statutorily-crafted remedy or that the available statutory remedy in existence is not the same as those provided for work-related discrimination within the same employment class.[13]

**9.** The Okla. Const. art. 5, § 46, see note 6, supra.

**10.** The federal court in *Saint* certified the following question:

> Is there either an implied statutory remedy or a common-law *Burk* tort remedy for state age discrimination claims arising under the operation of the Oklahoma Constitution, art. 5, § 46 and the provisions of the Oklahoma Anti–Discrimination Act, 25 O.S. §§ 1101, et seq. and § 1901?

We noted prior holdings which had expanded the common-law *Burk* tort remedy to the areas of race and sexual harassment. We recognized that: 1) a refusal of such remedies would create an unequal division of members of the same class, which would offend the § 46 mandated norms of uniformity, symmetry, and evenhanded treatment; 2) age-discrimination victims are part of the employment discrimination class, and as such, must be afforded the same rights as the other members of the class; and 3) there is a *Burk* tort remedy for those who allege employment age discrimination. *Saint v. Data Exchange, Inc.*, 2006 OK 59, ¶6, 145 P.3d 1037.

**11.** Previous decisions such as *List v. Anchor Paint Mfg. Co.*, 1996 OK 1, 910 P.2d 1011.

**12.** Title 25 O.S.2001 § 1302 provides:

> A. It is a discriminatory practice for an employer:
> 1. To fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race, color, religion, sex, national origin, age, or handicap unless such action is related to a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business or enterprise; or
> 2. To limit, segregate, or classify an employee in a way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect the status of an employee, because of race, color, religion, sex, national origin, age, or handicap unless such action is related to a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business or enterprise.
> B. This section does not apply to the employment of an individual by his parents, spouse, or child or to employment in the domestic service of the employer.

**13.** We expressly overruled our prior decisions of *List v. Anchor Paint Mfg. Co.*, 1996 OK 1, 910 P.2d 1011, *Marshall v. OK Rental & Leasing,*

¶ 10 Once again, we reiterate that rather than focus on the *adequacy* of the remedies available to a plaintiff, pursuant to the Okla. Const. Art. 5 § 46, *Saint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037, and *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, 202 P.3d 144, a plaintiff may pursue a state law *Burk* tort claim for wrongful discharge in violation of public policy when the available remedies to the same class of employment discrimination victims are not the same—regardless of whether the remedies originate under federal or state law. Lest there be any mistake, pursuant to the Oklahoma Anti–Discrimination Act, 25 O.S. 2001 § 1302, race, color, religion, sex, national origin, age, and handicap are the types of discrimination within the same employment class to which we refer. However, double recovery is never permitted.

## CONCLUSION

¶ 11 In *Saint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037, the *Burk* public policy exception was applied to a victim of alleged age discrimination because a refusal to do so would create an unequal division of members of the same class, which would offend the Oklahoma Constitution, art. 5, § 46 [14] requirements of uniformity, symmetry, and evenhanded treatment. In *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, 202 P.3d 144, we held that there is a *Burk* tort remedy for those who allege employment age discrimination, and pursuant to *Saint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037, a plaintiff may pursue a state law claim for wrongful discharge in violation of public policy when the available remedies to the same class of employment discrimination victims are not the uniform and evenhanded—regardless of whether the remedies originate under federal statutes or state law.

¶ 12 Today, we hold that the Okla. Const. art. 5 § 46 requires that the same remedies must be applicable to everyone within the same class of employment discrimination. The same class of employment discrimination, as recognized by 25 O.S.2001 § 1302, includes race, color, religion, sex, national origin, age, and handicap. Regardless of whether the remedies originate under federal statutes or state law, pursuant to *Saint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037, and *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, 202 P.3d 144, rather than looking to the *adequacy* of remedies, a plaintiff may pursue a state law *Burk* tort claim for wrongful discharge in violation of public policy when the *same* remedies are not available to the same class of employment discrimination victims. However, double recovery is not permitted.

## QUESTION ANSWERED.

EDMONDSON, C.J., HARGRAVE, OPALA, KAUGER, COLBERT, REIF, JJ., concur.

TAYLOR, V.C.J., WATT, WINCHESTER, JJ., dissent.

*Inc.*, 1997 OK 34, 939 P.2d 1116 and *Clinton v. State of Oklahoma ex rel. Logan County Election Board*, 2001 OK 52, 29 P.3d 543, to the extent that they conflicted with *Kruchowski* and our decision in *Saint*. However, we left undisturbed our previous decision of *Vasek v. Board of County Commissioners*, 2008 OK 35, ¶¶ 27–28, 186 P.3d 928, and its rationale relating to cases in which a plaintiff's conduct is alleged to have triggered a discharge or constructive discharge in violation of Oklahoma public policy and whether any available remedies to a plaintiff were sufficient to protect Oklahoma's public policy goals. In *Vasek v. Board of County Commissioners*, supra, we noted that the question was whether "a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal" and that, in *Vasek*, there was no such statutory remedy sufficient to protect the Oklahoma public policy goal. Again, this does not mean that the plaintiff is entitled to double recovery for cumulative theories of liability. In *Tate v. Browning–Ferris, Inc.*, 1992 OK 72, ¶ 19, 833 P.2d 1218, we stated that Oklahoma law allows only one recovery to make a plaintiff whole. *See also J.C. Houck v. Hold Oil Corp.*, 1993 OK 166, ¶ 32, 867 P.2d 451; *Cotner v. Lon Jacobs Grocery Co.*, 1921 OK 377, ¶ 32, 202 P. 997. Consequently, the federal court has to hold the plaintiff's cumulative theories of recovery to one complete recovery.

**14.** The Okla. Const., art. 5, § 46, see note 6, supra.