2014 OK 10

**Guindelee MacDONALD, Plaintiff,**

v.

**CORPORATE INTEGRIS HEALTH and Integris Health, Defendants.**

**No. 111717.**

Supreme Court of Oklahoma.

Feb. 25, 2014.

Mark Hammons, Amber L. Hurst, Hammons, Gowens & Associates, Oklahoma City, Oklahoma for Plaintiff.

Leonard Court, Courtney K. Warmington, Crowe & Dunlevy, Oklahoma City, Oklahoma for Defendants.

REIF, V.C.J.

¶ 1 This Court is asked to decide whether the damage provisions in section 1350 of the Oklahoma Anti–Discrimination Act (OADA), 25 O.S.2011, §§ 1101 through 1706, violate the special law prohibitions in Article 5, §§ 46 and 59 of the Oklahoma Constitution. This issue arose in a case filed in the United States District Court for the Western District of Oklahoma. The plaintiff alleged her former employer terminated her employment in violation of both federal law and the OADA. Unlike the "all detriment" common law damage remedy for wrongful termination, section 1350 of the OADA limits damages to back pay and liquidated damages. Plaintiff has contended that section 1350 is a special law because it provides different relief to victims of discrimination-based termination than the relief provided for victims of other terminations in violation of Oklahoma public policy. In essence, Plaintiff believes this difference in relief for "wrongful terminations" is the type of inequality in the treatment of tort victims that the Oklahoma Constitution forbids in Article 5, §§ 46 and 59. Citing the absence of Oklahoma precedent on this issue as well as the need to determine plaintiff's remedies for her state law claim, the federal court certified this constitutional question to this Court.

¶ 2 The federal court's certification order sets forth the factual background for this controversy. The certification order relates (1) plaintiff was an employee of the defendants from August 1998 through May 4, 2012; (2) plaintiff was 56 years old at the time of her termination; (3) plaintiff was one of the oldest employees in her department at the time of her termination; (4) plaintiffs supervisor made ageist and gender-based comments; (5) after plaintiffs supervisor was elevated to Director of Radiology, he began to terminate older employees and replace them with younger employees; (6) plaintiff was replaced by a younger female who was approximately in her twenties; (7) plaintiff was told she was terminated for bullying a coworker; and (8) plaintiff filed her federal court complaint on August 20, 2012, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(f)(3), the Age Discrimination in Employment Act, 29 U.S.C. § 626(c), and the Oklahoma Anti–Discrimination Act, 25 O.S.2011, §§ 1101 through 1706.

¶ 3 In addition to this background, the parties' federal court pleadings further frame the controversy over the relief plaintiff may recover in the event she succeeds on her state court claim. Plaintiff's complaint and amended complaint both allege plaintiff was the victim of age and gender discrimination. They also assert that "the OADA damage caps are unconstitutional under Oklahoma's prohibitions against special laws, and that Plaintiff is entitled to the full range of normal tort damages." These pleadings further claim that "Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law." In their answers to these complaints, defendants maintain: "Any damages available to plaintiff under state law for age and/or gender discrimination are limited to those enumerated in 25 O.S. § 1350."

■ ¶ 4 Section 1350 [1] became effective November 1, 2011, and was in effect on May 4, 2012, the date of plaintiffs termination. This statute expressly creates a cause of action for employment-based discrimination and abolishes common law remedies for such wrong. In the place of common law remedies for employment-based discrimination, section 1350 authorizes a court (1) to enjoin unlawful discrimination employment practices, (2) to grant affirmative relief such as reinstatement, (3) to award back pay, and (4) to award an additional amount for liquidated damages. While this relief is certainly more limited than the "all detriment" common law remedy provided for most nondiscrimination based wrongful termination claims, that difference alone does not make section 1350 a special or non-uniform law forbidden by Article 5, §§ 46 [2] and 59 [3] of the Oklahoma Con-

1. Title 25 O.S.2011 § 1350, in effect at the time of plaintiff's termination, provides:
A. A cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished.
B. In order to have standing in a court of law to allege discrimination arising from an employment related matter, in a cause of action against an employer for discrimination based on race, color, religion, sex, national origin, age, disability, genetic information with respect to the employee, or retaliation, an aggrieved party must, within one hundred eighty (180) days from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party. Upon completion of any investigation, the Attorney General's Office of Civil Rights Enforcement may transmit the results of any administrative hearing and determination to the Equal Employment Opportunity Commission or issue the complaining party a Notice of a Right to Sue.
C. Should a charge of discrimination be filed with the Attorney General's Office of Civil Rights Enforcement and not be resolved to the satisfaction of the charging party within one hundred eighty (180) days from the date of filing of such charge, the Attorney General's Office of Civil Rights Enforcement, upon request of any party shall issue a Notice of a Right to Sue, which must be first obtained in order to commence a civil action under this section.
D. All civil actions brought pursuant to a Notice of a Right to Sue from the Attorney General's Office of Civil Rights Enforcement for redress against any person who is alleged to have discriminated against the charging party and against any person named as respondent in the charge shall be commenced in the district court

of this state for the county in which the unlawful employment practice is alleged to have been committed.

\*     \*     \*     \*     \*     \*

G. If it is determined in such action that the defendant or defendants in such action have discriminated against the charging party as charged in the petition, the court may enjoin the defendant or defendants from engaging in such unlawful employment practice charged in the petition, the court may enjoin respondent from engaging in such unlawful practice and order such affirmative action as reinstatement or hiring of employees. A prevailing aggrieved party shall also be entitled to backpay and an additional amount as liquidated damages. Interim earnings or amounts earnable with reasonable diligence by the person discriminated against shall operate to reduce the backpay otherwise allowable. If an individual was refused employment or advancement, was suspended and/or was discharged for legitimate reasons other than discrimination as provided by this act, then no order of the court shall require the hiring, reinstatement or promotion of that individual as an employee, nor shall it order payment of any backpay.
H. In any action or proceeding under this section, the court may allow a prevailing plaintiff or defendant a reasonable attorney fee.

2. Oklahoma Constitution Article 5 § 46, provides in pertinent part:

The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

\*     \*     \*     \*     \*     \*

Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, justices of

stitution. The test is "whether the statute operates on an entire class of actionable claims that are similarly situated." *Reynolds v. Porter*, 1988 OK 88, ¶ 18, 760 P.2d 816, 823.

¶ 5 To demonstrate that section 1350 fails the *Reynolds* test, plaintiff argues that all victims of wrongful termination are a similarly situated class of tort victims in the same way all victims of negligence were recognized to be in *Wall v. Marouk*, 2013 OK 36, 302 P.3d 775, and *Zeier v. Zimmer, Inc.*, 2006 OK 98, 152 P.3d 861. Plaintiff points out that discrimination based terminations have always been actionable in tort as an exception to the employment at will doctrine and as a wrongful discharge in violation of public policy.

¶ 6 Despite the strong logical appeal of this analogy, it fails to consider the reasons this Court recognized tort liability for wrongful termination of an at will employee in the first place; that is, the need to protect an important public policy, to deter employers from discharging employees to the detriment of public policy and to compensate wrongfully terminated employees who were either protected by the public policy or who had acted consistently with the public policy. *See Burk v. K-Mart Corp.*, 1989 OK 22, ¶ 14, 770 P.2d 24, 28 (citing *Vigil v. Arzola*, 102 N.M. 682, 699 P.2d 613 (N.M.Ct.App.1983), *rev'd in part on other grounds*, 101 N.M. 687, 687 P.2d 1038 (1984) (the focus of an action for wrongful discharge by an employer of an at will employee is upon the employer's duty to act in accordance with public policy)). Tort liability for discharging at will employees in violation of public policy was "judicially created," because there was no other remedy to protect the public policy and it was preferable to extending the implied duty to deal fairly and in good faith to the discharge of at will employees. However, it is axiomatic that the Legislature can declare and

change public policy in the area of at will employment and is empowered to provide the measures it deems necessary to protect that public policy. *See Shephard v. CompSource Oklahoma*, 2009 OK 25, ¶¶ 4–7, 209 P.3d 288, 290–92.

¶ 7 We have said that this State's public policy to protect Oklahoma citizens from discrimination based on a protected status is set forth in the OADA. *Smith v. Pioneer Masonry, Inc.*, 2009 OK 82, ¶ 12, 226 P.3d 687, 689. We have also firmly established that victims of discrimination based on any protected status comprise a single, unified class to determine whether a remedy is uniformly applied to the class. *Id.* at ¶ 10, 226 P.3d at 689; *Shephard*, 2009 OK 25 at ¶ 10, 209 P.3d at 292; *Shirazi v. Childtime Learning Center, Inc.*, 2009 OK 13, ¶ 11, 204 P.3d 75, 79; *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, ¶ 9, 202 P.3d 144, 148; *Saint v. Data Exchange Inc.*, 2006 OK 59, ¶ 6, 145 P.3d 1037, 1038; *Collier v. Insignia Financial Group*, 1999 OK 49, ¶ 14, 981 P.2d 321, 326–27. To satisfy uniformity, it is not necessary that the remedy to protect against status based discrimination be the same as the remedy provided in cases where an employee's conduct, like whistleblowing, is alleged to have triggered a discharge. The core reason that the remedies for these two types of wrongful termination need not be commensurate is that the remedies protect different public policies.

¶ 8 As for the case at hand, the Legislature has determined that Oklahoma's public policy reflected in the OADA is better protected by the statutory cause of action and relief set forth in section 1350, rather than tort liability that this Court had recognized *in the absence of Legislative action*. In *Shirazi*, ¶ 9, 204 P.3d at 78, we reaffirmed the rule in *Kruchowski*, ¶ 32, 202 P.3d at 153, that one of the thresh hold showings that a plaintiff must make in order to maintain a Burk claim in tort is that "a breach of Oklahoma's public

the peace, sheriffs, commissioners, arbitrators, or other tribunals, or providing or changing the methods for the collection of debts, or the enforcement of judgments or prescribing the effect of judicial sales of real estate;

\* \* \* \* \* \*

For limitation of civil or criminal actions; . . . .

3. Oklahoma Constitution Article 5 § 59, provides:

Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.

policy occurred for which there is no statutorily-crafted remedy." In *Shephard*, we squarely held: "Where a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal, an employee has an adequate remedy that precludes resort to a tort cause of action to redress termination in violation of public policy." *Shephard*, 2009 OK 25 at ¶ 12, 209 P.3d at 293.

¶ 9 In *Shephard*, we concluded that the Legislature had properly limited state employee whistleblowers to statutory remedies in protecting the State's public policy to encourage disclosure of wrongdoing in State government. We did so despite the fact that whistleblowers in private employment were protected by tort liability. Again, such dichotomy is permissible due to the difference in the public policies being protected. In the case of state employee whistleblowers the policy served is very specific to preventing corruption in, and preserving the integrity of, state government, while in the case of whistleblowers in private employment the policy served is the more general policy of protecting the public health and safety. *See Hayes v. Eateries, Inc.*, 1995 OK 108, ¶¶ 19–30, 905 P.2d 778, 785–88. Tort liability to protect whistleblowers likewise was originally recognized only because the Legislature had not otherwise provided a remedy to protect employees, both public and private, who acted to further the respective public policies served by whistleblowing.

■ ¶ 10 In wrongful termination cases, more properly discharge in violation of public policy, class membership for purposes of a special law/uniformity analysis is not determined by labeling the claim a "tort claim" and treating all persons with such a "tort claim" as similarly situated. Class membership is determined by the public policy that is offended by the discharge of an employee who is either protected by the public policy or has acted in way that is consistent with the public policy. Employees who are similarly situated in these regards must be afforded a uniform remedy to redress an employer's discharge in violation of the public policy. *Shirazi*, 2009 OK 13, ¶ 12, 204 P.3d at 79.

■ ¶ 11 The Legislature has declared that the OADA "provides the *exclusive remedies* within this state ... for individuals alleging discrimination in employment on the basis of race, color, national origin, sex, religion, creed, age, disability or genetic information." 25 O.S.2011, § 1101(A) (emphasis added).[4] To leave no doubt about the intended effect of this declaration of purpose, the Legislature further expressly provided that "any common law remedies are hereby abolished." 25 O.S.2001, § 1350(A). Among the exclusive remedies provided in the OADA is a "cause of action for employment based discrimination." *Id.* Any victim of discrimination based on race, color, religion, sex, national origin, age, disability, or genetic information can pursue such cause of action upon exhausting the administrative remedies provided in the OADA. Title 25 O.S.2011 § 1350(B), (C) and (D)[5]. The relief provided in subsection (G) of § 1350—enjoining unlawful, discriminatory employment practices, and affirmative relief such as reinstatement, back pay, and liquidated damages—is available to all victims of status-based discrimination, depending upon the circumstances of an individual case. Clearly, the OADA in general and section 1350 in particular "operate on the entire class of actionable claims that are similarly situated."

Accordingly, our answer to the certified question is that the damage provisions of section 1350 do not violate the special law prohibitions of Article 5, §§ 46 and 59 of the Oklahoma Constitution.

**CERTIFIED QUESTION ANSWERED.**

¶ 12 COLBERT, C.J. (by separate writing), REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COMBS, and GURICH, JJ., concur.

---

4.  Title 25 O.S.2011 § 1101, provides:
A. This act provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of race, color, national origin, sex, religion, creed, age, disability or genetic information.

B. This act shall be construed according to the fair import of its terms to further the general purposes stated in this section and the special purposes of the particular provision involved.

5.  25 O.S.2011 § 1350, see note 6, supra.

COLBERT, C.J., concurring, joined by Watt & Combs, JJ.

¶1 I concur in today's determination that section 1350 is not an unconstitutional special law. I write separately to address the meaning of an undefined term that appears in the section 1350 remedies provision of the Oklahoma Anti–Discrimination Act and to note that today's decision does not hold or imply that the Act is free from constitutional infirmity under other provisions of the Oklahoma and United States Constitutions when applied to claims of employment discrimination.

¶2 In a civil action in which employment discrimination has been determined, section 1350(G) provides for (1) reinstatement or hiring, (2) injunctive relief, (3) backpay less interim earnings, and (4) "an additional amount as liquidated damages."[1] The term "liquidated damages" is not defined. However, the provisions of section 1350 appear to mirror to some extent the remedies provided for employment discrimination under federal law.

¶3 The remedies provisions of certain federal acts concerning employment provide liquidated damages as a punitive measure to deter violations. *See, e.g., Age Discrimination in Employment Act.* 29 U.S.C. § 626(b); *Equal Pay Act,* 29 U.S.C. § 206(d); *Fair Labor Standards Act,* 29 U.S.C. § 216(b); *Family Medical Leave Act,* 29 U.S.C. § 2617(a)(1)(A)(iii). For example, under the Age Discrimination in Employment Act, the term "liquidated damages" denotes double the amount of backpay. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985).[2] Thus, a reasonable construction of section 1350(G) would require an award of double the award of backpay as liquidated damages.

---

1. In addition, section 1350(H) provides for prevailing party attorney fees.

2. Unlike the federal Age Discrimination in Employment Act, the Oklahoma Anti–Discrimination Act does not contain a "willful violation" requirement for an award of liquidated damages.