OSCN Found Document:SOUTHON v. OKLAHOMA TIRE RECYCLERS, LLC

 

 
 

 
 SOUTHON v. OKLAHOMA TIRE RECYCLERS, LLC
2019 OK 37
Case Number: 116888
Decided: 05/21/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 37, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

THOMAS E. SOUTHON, Plaintiff/Appellant,
v.
OKLAHOMA TIRE RECYCLERS, LLC, Defendant/Appellee.
ON APPEAL FROM THE DISTRICT COURT FOR CREEK COUNTY 
Â¶0 Southon brought an action against Employer in the district court alleging that his termination was wrongfully motivated by his pending workers' compensation claim. He further asserted that, to the extent it governs his wrongful termination claim, 85A O.S.Supp. 2013 Â§ 7 violates several provisions of the Oklahoma Constitution. Employer moved to dismiss the case for lack of jurisdiction, arguing that under section 7 Southon's exclusive, and constitutionally sufficient, remedy was before the Workers' Compensation Commission and not the district court. The Creek County District Court, finding 85A O.S.Supp. 2013 Â§ 7 constitutional, agreed that the Workers' Compensation Commission had exclusive jurisdiction over Southon's claim and sustained Employer's motion to dismiss. Southon appealed, and this matter was retained and made a companion case to another cause concerning the same statutory provision.
ORDER OF THE DISTRICT COURT SUSTAINING DEFENDANT'S
MOTION TO DISMISS AND FINDING 85A O.S.SUPP. 2013 Â§ 7
CONSTITUTIONAL IS AFFIRMED
Attorneys and Law Firms
Rex W. Thompson and Stephanie L. Theban, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, OK, for Thomas E. Southon, Appellant
-and-
Bob Burke, Oklahoma City, OK, for Thomas E. Southon, Appellant
J. Clay Christensen, T.P. Howell and Lisa M. Molsbee, Christensen Law Group P.L.L.C., Oklahoma City, OK, for Oklahoma Tire Recyclers, LLC, Appellee
Opinion
GURICH, C.J.
Â¶1 The issues presented to this Court are: (1) whether 85A O.S.Supp. 2013 Â§ 7 unconstitutionally restricts a plaintiff's right to jury trial, (2) whether section 7 denies Southon his right to due process, (3) whether section 7 wrongfully classifies workers' compensation claimants separately from other wrongful termination victims, and (4) whether a Burk tort is available to such plaintiffs in the district court. We conclude that Southon's four assignments of error are without merit and affirm the judgment of the district court.
Facts and Procedural History
Â¶2 Appellant Thomas Southon was employed by Oklahoma Tire Recyclers, LLC ("Employer"). On September 13, 2016, Southon sustained an injury while on the job and filed a claim for workers' compensation benefits. Employer fired Southon less than a month after he suffered the injury. Southon filed an action in the Creek County District Court, alleging Employer terminated him as retaliation for seeking workers' compensation benefits. Southon's petition further requested a declaratory ruling that 85A O.S.Supp. 2013 Â§ 7 is unconstitutional.
Â¶3 Appellee Employer moved to dismiss the action, arguing that the Workers' Compensation Commission, and not the district court, has sole jurisdiction over wrongful termination claims involving workers' compensation benefits. The district court judge entered an order sustaining Employer's Motion to Dismiss. Further, the lower court found section 7 did not violate the Oklahoma Constitution. Southon appealed the ruling and we retained the case. We now affirm the district court.
Standard of Review
Â¶4 The subject of this appeal is Employer's 12 O.S.2011 Â§ 2012(B)(1) Motion to Dismiss, which was granted by the district court. "The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts." Young v. Station 27, Inc., 2017 OK 68, Â¶ 8, 404 P.3d 829, 833. As such, whether an action should have been dismissed for lack of subject matter jurisdiction is a question of law this Court reviews de novo on appeal. Id.
Analysis
A Wrongful Discharge Claim Brought Pursuant to 85A O.S.Supp. 2013 Â§ 7 Is
Not an Action with a Guaranteed Right to Trial by Jury under Article II, Section 19 of the Oklahoma Constitution
Â¶5 Southon asserts 85A O.S.Supp. 2013 Â§ 7[1] is unconstitutional because, by restricting jurisdiction to the Workers' Compensation Commission, it prevents claimants from having their cases heard by a jury. He argues that this violates article II, section 19 of the Oklahoma Constitution, which provides in relevant part that "[t]he right of trial by jury shall be and remain inviolate." Okla. Const. art. II, Â§ 19. This Court has consistently interpreted "the right of trial by jury" to mean "the right as it existed in the territories at the time of the adoption of the Constitution." State, ex rel. Pruitt v. Native Wholesale Supply, 2014 OK 49, Â¶ 24, 338 P.3d 613, 621 (citing A.E. v. State, 1987 OK 76, Â¶ 11, 743 P.2d 1041, 1044; Md. Nat'l Ins. Co. v. Dist. Court of Okla. County, 1969 OK 73, Â¶ 0, 455 P.2d 690, 690 (Syll.); Keeter v. State ex rel. Saye, 1921 OK 197, Â¶ 0, 198 P. 866, 866 (Syll.)).
Â¶6 Oklahoma did not adopt a workers' compensation system until 1915. Young, 2017 OK 68, Â¶ 13, 404 P.3d at 835. Consequently, the first cause of action based on the wrongful termination of an employee for filing a workers' compensation claim was created by the Retaliatory Discharge Act, enacted in 1976 and codified as part of the Workers' Compensation Act at 85 O.S.Supp. 1976 Â§Â§ 5--7. See Glasco v. State ex rel. Okla. Dep't of Corr., 2008 OK 65, Â¶ 10, 188 P.3d 177, 182 (citing 1976 Okla. Sess. Laws, ch. 217). "As originally enacted, the statutes prohibited retaliatory discharge of an employee for participation in workers' compensation proceedings in Â§ 5, provided for damages and reinstatement in Â§ 6, and vested jurisdiction in the district courts to restrain employer violations in Â§ 7." Id. This Court has repeatedly emphasized that the "obvious object" of the original Retaliatory Discharge Act was to "provide rights and benefits to employees that were not recognized by the common law at-will employment doctrine." Id. (emphasis added); see also Young, 2017 OK 68, Â¶ 13, 404 P.3d at 835--36. Accordingly, an action for retaliatory discharge predicated on the filing of a workers' compensation claim, is a "statutory tort" created by the Legislature in 1976 and the subsequent amendments to the workers' compensation statutes. It is not an action which was originally guaranteed the constitutional right to a trial by jury.
Â¶7 Nevertheless, the right to a jury trial may be expanded by constitutional amendment. See A.E., 1987 OK 76, Â¶ 11, 743 P.2d at 1045 (acknowledging the right to a jury trial in termination proceedings because the 1969 amendment to article II, section 19 modified the Constitution and expressly extended the right to juvenile proceedings). However, none of the three amendments to article II, section 19 since its creation has either expressly or impliedly created a right to a jury trial for workers' compensation proceedings or a retaliatory discharge claim. See id. Â¶ 12, 743 P.2d at 1045; see also Okla. Const. art. II, Â§ 19 (1952); Okla. Const. art. II, Â§ 19 (1969); Okla. Const. art. II, Â§ 19 (1990).[2] Because such an action was solely a creature of statute and not one guaranteed the right to a trial by jury at the time our constitution was adopted, article II, section 19 does not provide a basis for determining the relevant statute is unconstitutional. Therefore, we conclude 85A O.S.Supp. 2013 Â§ 7 does not violate article II, section 19 of the Oklahoma Constitution and Southon's retaliatory discharge claim is not guaranteed the right to a trial by jury.
85A O.S.Supp. 2013 Â§ 7 Does Not Deny Claimants Due Process in Violation
of Article II, Section 7 of the Oklahoma Constitution or the Fourteenth
Amendment of the U.S. Constitution.
Â¶8 Southon asserts 85A O.S.Supp. 2013 Â§ 7 is unconstitutional because it denies him basic due process in violation of article II, section 7 of the Oklahoma Constitution and the Fourteenth Amendment to the United States Constitution. The due process guarantee of the Oklahoma Constitution is generally coextensive with those rights protected by the Fourteenth Amendment to the United States Constitution. Graham v. D & K Oilfield Serv.s, Inc., 2017 OK 72, Â¶ 14, 404 P.3d 863, 867. "The party seeking a statute's invalidation as unconstitutional has the burden to show the statute is clearly, palpably, and plainly inconsistent with the Oklahoma Constitution." Id. Â¶ 11, 404 P.3d at 867. We may not set aside legislation for violating substantive due process unless "it is clearly irrelevant to the policy the Legislature may adopt or is arbitrary, unreasonable or discriminatory." Torres v. Seaboard Foods, LLC, 2016 OK 20, Â¶ 27, n.46, 373 P.3d 1057, 1072. When examining this question we must ascertain the following
(1) if there is a legitimate government interest (a) articulated in the legislation or (b) championed by the parties or (c) expressed by a recognized public policy in support of the legislation, and (2) if that interest is reasonably advanced by the legislation.
Torres v. Seaboard Foods, LLC, 2016 OK 20, Â¶ 28, 373 P.3d 1057, 1072. Southon argues that the jurisdictional limitation and the $100,000 cap on back-pay in 85A O.S.Supp. 2013 Â§ 7 are arbitrary and not rationally related to a legitimate state interest.
Â¶9 In Graham v. D & K Oilfield Services, Inc., this Court upheld a workers' compensation statute which limited employees' temporary total disability benefits for hernias. 2017 OK 72, 404 P.3d 863. In Graham, the employee sustained a work-induced hernia on the job site and timely pursued compensation under the Workers' Compensation Act. Id. Â¶ 2, 404 P.3d at 865. Although the employee's injury persisted, his temporary total disability benefits were capped according to the six-week limitation of 85A O.S.Supp. 2013 Â§ 61. Id. Â¶ 6, 404 P.3d at 866. The employee challenged the constitutionality of section 61 as a denial of due process. Id. Â¶ 13, 404 P.3d at 868. Using his own injury as an example, the employee argued that six weeks of temporary total disability benefits was insufficient to compensate injured workers and that such a temporal restriction on damages was an arbitrary limitation not rationally related to any legitimate state interest. Id. Â¶ 17, 404 P.3d at 869. Although the cap would not entirely compensate this particular employee, this Court determined that section 61 was rationally related to the competing, but legitimate, state interests of providing "reasonable support to injured workers" while still "protecting employers from excessive judgments and providing more limited and certain levels of monetary exposure." Id. Â¶Â¶ 16, 21, 404 P.3d at 868, 870. Moreover, the six-week limitation was considered rational because it aligned with the higher end of hernia recovery times and the return to work scale. Id. Â¶ 19, 404 P.3d at 869. Limitations on workers' compensation benefits are not unconstitutional simply because they inadequately compensate the disability caused by the injury. Id. Â¶ 20, 404 P.3d at 870.
Â¶10 Similar to section 61, 85A O.S.Supp. 2013 Â§ 7 attempts to balance the legitimate purpose of providing reasonable support to injured workers against the state's interest in protecting employers from the excessive judgments. Southon argues that the $100,000 cap is an "artificial limit on damages," but we agree with the Employer that under the majority of circumstances it would reasonably compensate most injured workers while also protecting employers from unlimited monetary exposure. As such, it both aims to serve legitimate government interests and is reasonably tailored to advance those purposes. Accordingly, 85A O.S.Supp. 2013 Â§ 7 does not deny Southon due process in violation of article II, section 7 of the Oklahoma Constitution or Amendment XIV of the U.S. Constitution.
Title 85A O.S.Supp. 2013 Â§ 7 Is Not a Special Law in Violation of Article V,
Section 46 of the Oklahoma Constitution
Â¶11 The Oklahoma Constitution prohibits local or special laws that regulate "the practice or jurisdiction of . . . judicial proceedings or inquiry before the courts. . . or other tribunals." Okla. Const. art. 5, Â§ 46. Local or special laws
Rest on a false or deficient classification. . . . [by] not embrac[ing] all the class that they should naturally embrace. They create preference and establish inequality. They apply to persons, things, and places possessed of certain qualities or situations and exclude from their effect other persons, things, or places which are not dissimilar in this respect.
Barrett v. Bd. of Comm'rs of Tulsa Cnty., 1939 OK 68, Â¶ 17, 90 P.2d 442, 446. When evaluating a law for deficient classification under section 46, there is a presumption of constitutionality. Thayer v. Phillips Petroleum Co., 1980 OK 95, Â¶ 12, 613 P.2d 1041, 1044. A classification will be upheld as constitutional as long as the classification itself is reasonable and there is a "reasonable opportunity for uniform or equal incidence on the class created." Id. The law should "be general in its application and embrace all of the given class." City of Enid v. Pub. Emps. Relations Bd., 2006 OK 16, Â¶ 13, 133 P.3d 281, 287. Southon argues 85A O.S.Supp. 2013 Â§ 7 is a special law because it designates remedies for victims of workers'-compensation-based wrongful termination that are different than the remedies available to victims of status-based wrongful termination.
Â¶12 The classification of wrongful termination victims "is determined by the public policy that is offended by the discharge of an employee who is either protected by the public policy or has acted in a way that is consistent with the public policy." MacDonald v. Corporate Integris Health, 2014 OK 10, Â¶ 10, 321 P.3d 980, 984. We recently held in MacDonald, that the Oklahoma Anti-Discrimination Act was not a special law even though it created a new class of status-based wrongful termination victims.[3] Id. Â¶ 4, 321 P.3d at 982. In MacDonald, as in the present case, "plaintiff argue[d] that all victims of wrongful termination are a similarly situated class of tort victims in the same way all victims of negligence" are a similarly situated class. Id. Â¶ 5, 321 P.3d at 983. This Court rejected that notion and held that the remedies for status-based and conduct-based wrongful termination need not be commensurate because the remedies are intended to protect different policies. Id. Â¶Â¶ 7, 10, 321 P.3d at 983--84. Accordingly, a class may receive individualized treatment where there is a separate policy reason for doing so.
Â¶13 To decide whether 85A O.S.Supp. 2013 Â§ 7 is under-inclusive, we must determine whether the statute targets less than an entire class of similarly situated persons for different treatment. We conclude it does not. Section 7 treats all employees who are discharged for pursuing workers' compensation benefits in an identical manner. The Legislature created section 7 to ensure employees are free to pursue workers' compensation benefits without fear of retaliation. This policy interest is distinct from the interest of equality that inspired the Anti-Discrimination Act's classification of status-based claimants, and the Legislature was within its right to determine that it is better protected by an administrative remedy than by tort liability. We therefore conclude that 85A O.S.Supp. 2013 Â§ 7 is not an unconstitutional special law.
Plaintiff Is Precluded from Bringing a Burk Tort Cause of Action Because
the Statutory Remedies of 85A O.S.Supp. 2013 Â§ 7 Adequately Protect
Oklahoma Public Policy 
Â¶14 Finally, Southon argues that he should be able to litigate his claim in the district court as a Burk tort because the remedies of 85A O.S.Supp. 2013 Â§ 7 are inadequate. In Burk v. K--Mart Corp., 1989 OK 22, 770 P.2d 24, this Court created an exception to the employment-at-will doctrine[4] by "restricting the right of employers to discharge at-will employees when that termination is in contravention of a clear mandate of public policy, as articulated by constitutional, statutory or decisional law." McCrady v. Okla. Dep't of Pub. Safety, 2005 OK 67, Â¶ 7, 122 P.3d 473, 475. The exception created in Burk "subjects the employer to tort liability where the employee is 'discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy.'" Id. Burk torts were deemed an available avenue for relief because, at the time, there was no other remedy to protect prevailing public policy. MacDonald, 2014 OK 10, Â¶ 6, 321 P.3d at 983. "[I]t is axiomatic that the Legislature can declare and change public policy in the area of at[-]will employment and is empowered to provide the measures it deems necessary to protect that public policy." Id. As such, if the Legislature creates a statutory remedy that sufficiently protects employees from a discharge in contravention of public policy, they are precluded from resorting to a Burk cause of action. Shephard v. CompSource Okla., 2009 OK 25, Â¶ 12, 209 P.3d 288, 293.
Â¶15 In 2013, the Legislature recodified the statutory cause of action for retaliatory discharge and specified new remedies which may be pursued through the Oklahoma Workers' Compensation Commission. 85A O.S.Supp 2013 Â§ 7. Southon argues that the remedies set out in section 7 are inadequate because previous versions of the Retaliatory Discharge Act vested jurisdiction in the district courts and provided for actual damages, loss of future wages, emotional distress, punitive damages, and reinstatement. But as we previously explained, remedies available in prior versions of the statute do not render insufficient remedies the Legislature has now chosen and narrowly tailored for a statutory claim. Accordingly, we hold that newly imposed limitations on jurisdiction and damages do not automatically render section 7 inadequate.
Â¶16 Administrative agencies may serve as an appropriate and sufficient forum for wrongful termination actions. In Glasco v. State ex rel. Okla. Dep't of Corr., a state employee suffered a work-related injury, received temporary total disability benefits, and was placed on leave without pay. 2008 OK 65, Â¶ 72, 188 P.3d at 180. After being on leave without pay for more than a year, the Department discharged the employee pursuant to the Oklahoma Personnel Act. Id. Â¶ 4, 188 P.3d at 181; See 74 O.S. Â§ 840-2.21. The employee initiated a tort claim against the employer in the district court, alleging retaliatory discharge under the Workers' Compensation Act. Id. Â¶ 5, 188 P.3d at 181; See 85 O.S. 2001 Â§Â§ 5--7. The trial court found that the employee's discharge was governed by the Oklahoma Personnel Act which restricted jurisdiction to the Merit Protection Commission and sustained the defendants' Motion for Summary Judgment. Id. Â¶Â¶ 6--7, 188 P.3d at 181. On appeal, this Court affirmed. Id. Â¶ 36, 188 P.3d at 188. This Court held that the Oklahoma Personnel Act did not limit access to the courts in violation of article II, section 6 of the Oklahoma Constitution by simply restricting jurisdiction to the Merit Protection Commission. Id.; see also Shephard, 2009 OK 25, Â¶ 7, 209 P.3d at 292 (deciding that the Merit Protection Commission provides an "adequate remedy to protect state employee whistleblowers from wrongful termination" and "to protect the statutory public policy."); McCrady, 2005 OK 67, Â¶ 12, 122 P.3d at 476 (deciding that the Oklahoma Merit System of Personnel Administration provides an "adequate remedy sufficient to protect [employees] and the identified public policy goals of Oklahoma.").
Â¶17 The case before us falls squarely within the purview of Glasco. Like the statutory claim in Glasco, 85A O.S.Supp. 2013 Â§ 7 vests limited jurisdiction in an administrative agency to make a factual determination as to whether an employee has been wrongly discharged. Specifically, section 7 vests jurisdiction in the Workers' Compensation Commission to determine whether an employer "discriminate[d] or retaliate[d] against an employee" who filed a claim under the Oklahoma Administrative Workers' Compensation Act, retained a lawyer for representation regarding a claim under the Act, instituted any proceeding under the Act, or testified or was about to testify in any proceeding under the Act. 85A O.S.Supp. 2013 Â§ 7. We specifically held in Robinson v. Fairview Fellowship, that the Workers' Compensation Commission, "as a Commission 'established by statute,' may 'exercise adjudicative authority or render decisions in individual proceedings.'" 2016 OK 42, Â¶ 7, 371 P.3d 477, 481 (citing Okla. Const. art. 7, Â§ 1). The Legislature explicitly gave the Workers' Compensation Commission sole jurisdiction to oversee wrongful termination claims that arise from an underlying Workers' Compensation Claim, and like the Merit Protection Commission, the Workers' Compensation Commission is fit to adequately protect Oklahoma public policy in this area.
Â¶18 Moreover, the Legislature designated the set of remedies that the Workers' Compensation Commission is authorized to award a prevailing employee. "The amount of that recovery is in the province of the legislature under the specific directive of the constitution, and if it is too small the people have the power, either through their elected officials or by their right of initiative petition, to increase it." See, e.g, Hughes Drilling Co. v. Crawford, 1985 OK 16, Â¶ 21, 697 P.2d 525, 530; Graham, 2017 OK 72, Â¶ 21, 404 P.3d at 870. With the enactment of section 7, the legislature has determined that Oklahoma's public policy is adequately protected by a statutory cause of action brought in the Commission and subject to the relief set forth therein. Our law is well settled that "decisions concerning public policy in creating and abolishing causes of action are routinely within the judgment of the Legislature." Torres, 2016 OK 20, Â¶ 35, 373 P.3d at 1075. We conclude that 85A O.S.Supp. 2013 Â§ 7 provides an adequate statutory remedy sufficient to protect Oklahoma public policy, and thus, no Burk tort is available in the district court.
Conclusion
Â¶19 Southon failed to meet the burden required to establish section 7 is unconstitutional. We therefore hold that 85A O.S.Supp. 2013 Â§ 7 does not violate either article II, sections 7 and 9, or article V, section 46 of the Oklahoma Constitution. Moreover, the remedies provided in section 7 are adequate and preclude Southon from bringing a Burk tort in the district court. We affirm the judgment of the district court dismissing the action against the defendants for lack of subject matter jurisdiction.
Â¶20 Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs, JJ., concur.
Â¶21 Reif, S.J., dissents.
FOOTNOTES
[1] Section 7 provides in its entirety:
A. An employer may not discriminate or retaliate against an employee when the employee has in good faith:
1. Filed a claim under this act;
2. Retained a lawyer for representation regarding a claim under this act;
3. Instituted or caused to be instituted any proceeding under the provisions of this act; or
4. Testified or is about to testify in any proceeding under the provisions of this act.
B. The Commission shall have exclusive jurisdiction to hear and decide claims based on subsection A of this section.
C. If the Commission determines that the defendant violated subsection A of this section, the Commission may award the employee back pay up to a maximum of One Hundred Thousand Dollars ($100,000.00). Interim earnings or amounts earnable with reasonable diligence by the person discriminated against shall reduce the back pay otherwise allowable.
D. The prevailing party shall be entitled to recover costs and a reasonable attorney fee.
E. No employer may discharge an employee during a period of temporary total disability for the sole reason of being absent from work or for the purpose of avoiding payment of temporary total disability benefits to the injured employee.
F. Notwithstanding any other provision of this section, an employer shall not be required to rehire or retain an employee who, after temporary total disability has been exhausted, is determined by a physician to be physically unable to perform his or her assigned duties, or whose position is no longer available.
G. This section shall not be construed as establishing an exception to the employment at will doctrine.
H. The remedies provided for in this section shall be exclusive with respect to any claim arising out of the conduct described in subsection A of this section.
[2] The only amendment to section 19 since the creation of an action for retaliatory discharge, Okla. Const. art. II, Â§ 19 (1990), did not substantively change the section. The 1990 amendment increased the amount in controversy to be eligible for a jury trial, adjusted the amount of jurors for civil and criminal cases, and clarified the number of jurors needed to reach a verdict. Accordingly, we reject Southon's argument that the 1990 amendment vested new causes of action with a right to jury trial.
[3] The Oklahoma Anti-Discrimination Act, 25 O.S. 2001 Â§Â§ 1101--1901, created a class of status-based discrimination victims who alleged wrongful termination on the basis of their race, color, national origin, sex, religion, creed, age, disability, or genetic information. Shirazi v. Childtime Learning Ctr., 2009 OK 13, Â¶ 8, 204 P.3d 75, 78.
[4] "The doctrine of employment-at-will is firmly embedded in the common law of Oklahoma." McCrady v. Okla. Dep't of Pub. Safety, 2005 OK 67, Â¶ 6, 122 P.3d 473, 474. Under the employment-at-will doctrine, "an employee with an employment contract of indefinite duration is free to leave his or her employment for any reason or no reason without incurring liability to the employer, and the employer has the corresponding freedom to terminate the at-will employee for any reason or no reason without incurring liability to the employee." Id. Â¶ 6, 122 P.3d at 475.